### COX v. UNITED SURETY CO.

(Supreme Court, Appellate Term. March 23, 1911.)

MASTER AND SERVANT (§ 70*)—SERVICES AND COMPENSATION—CONTINUANCE OF EMPLOYMENT.

    Where one employed for a specified time at a certain sum per month continued to perform, after expiration of his contract, without a new contract being made, duties of the same character as those which he had theretofore performed, he was entitled to pay at the same rate as that originally contracted for.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Arthur M. Cox against the United Surety Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Olcott, Gruber, Bonynge & McManus (Irving L. Ernst and A. M. Levy, of counsel), for appellant.

Blumenstiel & Blumenstiel (Milton M. Blumenthal, of counsel), for respondent.

SEABURY, J. The plaintiff sued to recover for services rendered to the defendant from April 15, 1910, to July 1, 1910. He was originally employed to render services for the defendant at the rate of $300 per month from June 15, 1909, to March 1, 1910. It appears that he fully and satisfactorily performed his duties during this time.

When his contract expired on March 1, 1910, the plaintiff continued in the service of the defendant, without any new contract being made, and performed duties of the same character as those which he had theretofore performed. He received no salary for any service rendered after April 15, 1910.

We think the evidence establishes that the plaintiff, subsequent to this time, was discharged without cause by the defendant. While the evidence is not clear as to whether the plaintiff ceased to work for the defendant on May 3, 1910, or on June 1, 1910, it is evident that he worked for the defendant up to May 3, 1910, and that he received no compensation for his services after April 15, 1910. Whatever may be said of any other claim which the plaintiff makes, we think it is clear that he established his right to recover at the rate of $300 for the service which he rendered after April 15, 1910.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.